The Honorable Frank Glidewell State Representative 10409 Castleton Street Fort Smith, Arkansas 72908-93-92
Dear Representative Glidewell:
I am writing in response to your request for an opinion on the following facts and question:
 I have a constituent who is considering becoming a major branded gasoline distributor. It is his understanding that some of the major branded gasoline distributors in this area are co-mingling unbranded gasoline with branded gasoline.
When consumers drive into a major branded gasoline station and purchase gas, they expect the gas they purchase to be the higher quality branded gasoline. In gasoline stations where the branded and unbranded gasoline has been co-mingled, consumers are actually receiving a lesser quality gasoline for the price of the higher quality gasoline.
Would you please let me know what state and federal laws are violated if a gas station owner co-mingles fuel?
RESPONSE
The most applicable state law I have found is A.C.A. §§ 4-108-201
through-213 (Repl. 2001) the "Engine Fuels, Petroleum Products, and Automotive Lubricants Inspection Act of 2001." It creates a "State Petroleum Products Division" located within the Arkansas Bureau of Standards of the Arkansas Plant Board, and invests the Director of the State Plant Board with power to administer the provisions of the subchapter, to make inspections, and to assess civil penalties for violations. It is unlawful under that subchapter to "[r]epresent engine fuels, petroleum products, or automotive lubricants in any manner that may deceive or tend to deceive the purchaser as to the nature, brand, price, quantity, or quality of the products. . . ." Violation of the subchapter is also a Class A misdemeanor. Other state statutes may also be implicated, including A.C.A. §§ 4-88-101-115 (Repl. 2001 and Supp. 2007), the Deceptive Trade Practices Act, which may be civilly enforced by lawsuits brought by the Attorney General or injured persons. Violation is also a Class A misdemeanor. In addition, the conduct you describe is grounds under state law for cancellation of a franchise agreement. A.C.A. § 4-72-402. As for any violation of federal statutes, consultation with the U.S. Attorney's office is advisable.
As noted above, the most relevant state law pertaining to your question is A.C.A. §§ 4-108-201 through-213. The purpose of the subchapter is set out at A.C.A. § 4-108-201 as follows:
 (a) There should be uniform requirements for engine fuels, petroleum products, and automotive lubricants among the several states.
 (b) This subchapter provides for the establishment of quality specifications for these products.
Section 4-108-202(a) describes the scope of the subchapter as establishing a "sampling, testing, and enforcement program," as requiring the "registration of engine fuels," and as empowering the state to "promulgate regulations as needed to carry out the provisions of the subchapter."
It is unlawful under the subchapter to: "Represent engine fuels, petroleum products, or automotive lubricants in any manner that may deceive or tend to deceive the purchaser as to the nature, brand, price, quantity, or quality of the products. . . ." A.C.A. § 4-108-207(1).
The subchapter is administered by the Director of the State Plant Board. A.C.A. § 4-108-204(a). The board is empowered to "[e]nforce and administer all the provisions of th[e] subchapter by inspections, analyses, and other appropriate actions." A.C.A. § 4-108-205(b)(1)(A). The board is granted "access during normal business hours to all places where engine fuels . . . are kept, transferred, offered . . . or sold for the purpose of examination, inspection, taking of samples, and investigation. Id. at (b)(1)(B)(i).
The State Plant Board may assess civil penalties, as set out in the Act (A.C.A. § 4-108-208), and may apply to a court of competent jurisdiction for a restraining order or injunction restraining any person from violating the subchapter. A.C.A. § 4-108-210. Intentional violation of any of the provisions of the subchapter or the regulations promulgated under it is also a Class A misdemeanor. A.C.A. § 4-108-209.
The above subchapter represents the most applicable state law I have found on the question. Other statutes may also be implicated, depending upon the facts. It is possible that the action you describe could violate the "Deceptive Trade Practices Act," codified at A.C.A. §§ 4-88-101 through-115 (Repl. 2001-and Supp. 2007). Section 4-88-107(a)(1) of that law provides as follows:
Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:
 Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style or model. . . .
The question of whether this subchapter is violated will depend upon the applicable facts. A knowing and willful violation is also a Class "A" misdemeanor. A.C.A. § 4-88-103 (Repl. 2001).
Additionally, although it would not amount to a violation of state law, I will note that the "adulteration or misrepresentation of products" is grounds under Arkansas law for the termination of a dealer's franchise by a petroleum products supplier or distributor. A.C.A. § 4-72-502 (Repl. 2001).
You have also inquired about any possible violations of federal law. As my predecessors have generally noted, "the examination of federal law generally falls outside the scope of an opinion from this office." See, e.g., Op. Att'y Gen. 2005-170. As stated in another opinion, "[a] state Attorney General's analysis and interpretation of the applicable federal law and regulations will be less significant legally than the analysis and advice of the federal entities that have the authority to enforce those laws and regulations. For this reason, this office has traditionally deferred to the federal authorities on such matters." Op. Att'y Gen. 2003-094, citing Ops. Att'y Gen. Nos. 1999-346; 98-254; 95-006; 94-335; 94-114; and 91-060. As a consequence, "[o]rdinarily, questions of federal law are properly addressed to the relevant federal agency or the United States Attorney." Op. Att'y Gen. 2000-208.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1